UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DALLAS L. SCOTT, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | |
| ACTION REVENUE RECOVERY, L.L.C., | CASE NO. 1:21-cv-00639 |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, DALLAS L. SCOTT ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of ACTION REVENUE RECOVERY, L.L.C. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Ohio and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Ohio.

1

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age currently residing in Cuyahoga County, Ohio, which is located within the Northern District of Ohio.

5. Defendant "is a fast-growing, national collection headquartered in Monroe, Louisiana with clients across the United States.[1] Defendant is organized under the laws of the state of Louisiana, with its principal place of business located at 910 Bres Avenue, Monroe, Louisiana 71201. Defendant regularly collects upon consumers located within the state of Ohio.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon outstanding medical bills ("subject debt") that Plaintiff allegedly incurred with *Radiology Services, PA, Fort Smith, AR* ("Radiology Services").

8. Upon information and belief, after Plaintiff's purported default with Radiology Services, the subject debt was eventually transferred to Defendant for collection purposes.

9. In early 2021, Plaintiff was looking to improve his credit, so he accessed his credit report through Experian, and discovered an entry bearing Defendant's name, reporting the subject debt in an active collection status, as follows:

---

[1] https://actionrevenue.com/

| Account name<br>ACTION REVENUE RECOVERY | Account number | Recent balance<br>$182 as of<br>01/25/2021 | Date opened<br>06/2015 | Status<br>Collection account.<br>$182 past due as of<br>Jan 2021. | + Dispute |
|---|---|---|---|---|---|
| 910 BRES AVE<br>MONROE, LA 71201 | Type | Credit limit or original amount | Date of status | | |

perian.com/ncaconline/dispute?intcmp=dispute_app_startNew

Experian - Access your credit report

| 800 821 3412<br>Address identification number<br>0135877430 | Collection<br>Terms<br>1 Months | $182<br>High balance<br>$0 | 06/2015<br>First reported<br>05/2018 |
|---|---|---|---|
| Original creditor<br>RADIOLOGY SERVICES FT. SMITH | On record until<br>Feb 2022 | Monthly payment<br>$0<br>Recent payment amount<br>$0 | Responsibility<br>Individual |

10. Plaintiff was taken aback by the negative notations regarding the subject debt, so in an effort to address the debt, Plaintiff accessed Defendant's website.[2]

11. Much to Plaintiff's dismay, however, Plaintiff was notified that in order to remit payment toward the subject debt, he would be subjected to a $3.50 fee, ("convenience fee") as seen below:



Welcome to payment system for Action Revenue Recovery.

Please Note: There is a $3.50 fee for using this service. Any payments made after 10:00 PM CST will be processed and reflected to your account the following business day.

12. Plaintiff was confused by Defendant's addition of the $3.50 convenience fee, as he never agreed to such a fee with Defendant or Radiology Services.

13. Accordingly, Plaintiff decided not to make a payment on the subject debt, as he was uncertain as to the legitimacy of Defendant's collection efforts.

---

[2] https://internet.speedpay.com/actionrevenue/#/login/guest ("Defendant's online portal").

3

14. Defendant's online portal required Plaintiff to accept the convenience fee in order to remit payment, and Defendant did not provide any payment method that did not include a convenience fee.

15. Defendant gave the false impression that it could charge the convenience fee, when in fact, any such fee is impermissible pursuant to any underlying contract between Plaintiff and the original creditor, or as a matter of law.

16. The inclusion of an excessive convenience fee on the online portal created a false, deceptive and misleading representation as to the actual amount owed.

17. After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

18. Defendant's conduct was misleading to Plaintiff, and is similarly misleading and confusing to the unsophisticated consumer, as it inappropriately asserts that Defendant is entitled to collect the impermissible convenience fee.

19. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted financial harm.

20. Plaintiff has further suffered a violation of his state and federally protected interests, as Defendant's conduct has created an appreciable risk of harm to him.

21. Due to Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

22. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of regularly collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business. Defendant identifies itself as a debt collector, and has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2004.[3]

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

---

[3] http://www.acainternational.org/search#memberdirectory

29. In addition, this section enumerates specific violations, such as:

"The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated §§ 1692e, e(2)(A), e(10) by deceptively attempting to collect the subject debt through its representation that Plaintiff would be charged a convenience fee. Such a fee is not authorized by any agreement between Plaintiff and the original creditor, nor is it authorized as a matter of law or otherwise. Therefore, Defendant's attempt to collect upon these fees without any further explanation of what that balance or rate represented, was a false and deceptive attempt to collect upon the subject debt.

31. Defendant was not entitled to collect the convenience fee from Plaintiff in connection with the subject debt, ultimately attempting to induce a greater payment from Plaintiff than it is otherwise entitled to collect.

32. Defendant knows that its representations to consumers concerning the fees being collected, and the consumer's rights under the FDCPA, cannot be false, deceptive and/or misleading.

33. Defendant further violated §1692e through its deceptive and misleading portal. Given the fact that Defendant included a convenience fee for the only payment option, it is clear that any payment submitted through Defendant's website would go directly to Defendant. Ultimately, Defendant included these convenience fees in an effort to collect an amount above and beyond what was expressly authorized by the underlying agreement between Plaintiff and the original creditors.

    b.    **Violations of the FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Moreover, under §1692f(1), a debt collector is prohibited from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

36. Defendant violated §§ 1692f and f(1) when it attempted to collect the convenience fees, despite the fact that said fees was not expressly authorized by the agreement creating the subject debt, nor authorized by law.

37. As set forth herein, Plaintiff has been harmed and has suffered damage as a result of Defendant's unlawful collection practices.

WHEREFORE, Plaintiff, DALLAS L. SCOTT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 22nd day of March, 2021.   Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　 */s/ Taxiarchis Hatzidimitriadis*
　　　　　　　　　　　　　　　　　　　　　　　Taxiarchis Hatzidimitriadis #6319225
　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC

333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Dallas L. Scott*